JOIEL SWEENEY V. STATE.

No. 25113. February 7, 1951.

*Kiser and Tabor,* by *Frank B. Kiser, Jr.,* Levelland, for appellant.

*E. W. Boedeker,* County Attorney, Levelland, and *George P. Blackburn,* State's Attorney, Austin, for the state.

WOODLEY, Judge.

The conviction is for possession of whiskey in a dry area for the purpose of sale, the jury having assessed the punishment at six months in jail and a fine of $500.

The sole question raised upon appeal is the sufficiency of the evidence.

Leon Bowman, district deputy supervisor for the Texas

Liquor Control Board, testified that he went to appellant's cafe in Anton, Hockley County, and asked for appellant; that he was told that appellant was at his home, which was pointed out to him; that he then went to the house, and was invited in by appellant who was lying on the bed; that he informed appellant of his business and told him that he wanted to look around for some whisky and appellant told him to go ahead.

The witness further testified "I found three one-half pints of Cream of Kentucky in a radio in what I call the kitchen. I found one pint, seal broken about one-half full, in his coat pocket and then one-half pint of Cream of Kentucky in his coat pocket with the seal broken."

On cross-examination, the witness testified "I found the three one-half pints of Cream of Kentucky that are still sealed, the one-half pint which is unsealed and the pint that is unsealed in Joiel's house."

The witness described the contents of the bottles as being whiskey, and such whiskey, together with two pints of Hill and Hill whiskey found by the officer in an outhouse on appellant's premises were offered in evidence.

The jury was instructed on the prima facie evidence rule arising from the possession of more than one quart of whiskey as provided by Art. 666-23(a)2, P.C., as well as on appellant's defense rebutting such presumption.

Regarding the two pints of Hill and Hill whiskey found on appellant's premises the officer on cross-examination testified:

"I found the two pints of Hill and Hill whiskey in an outbuilding. This out-building is about 40 or 50 feet from Joiel's house. It is a one-room building. I don't know just how large it is. This room was a storeroom for whiskey. In a corner there was a big box where there had been stored whiskey. The reason I say whiskey is because there were lugs, paper lugs, what we call lugs where it had been wrapped up in. There was a cot and I believe that there were some tires. * * *"

He further testified that the building was locked; that he asked appellant for the key, and appellant told him that he did not have one; that he entered through a window with the permission of appellant; that Willie Green came up with a key as he was entering and opened the door.

He testified that Willie Green came into appellant's residence while he was searching there and claimed the three one-half pints of whiskey found there; that thereafter appellant told him that the person who had the key to the outhouse was out of town; that Willie Green later appeared at the outhouse with a key and opened the door.

Appellant offered testimony to the effect that the out-building was rented to Willie Green by appellant, and was occupied and used by Green; that he slept there, and kept his clothing, including his shirts and pants there. Green testified that he owned the whiskey found in the out-building, which he bought to drink.

Appellant claimed the whiskey found in his home, but denied that he had it for the purpose of sale. He denied any knowledge of whiskey being in the outhouse.

Officer Bowman testified that there were no shoes, pants or shirts in the out-building; that he saw no clothing there; that the cot had a mattress on it which was covered with dust and dirt and did not appear to have been slept on; that in addition to the box which contained the whiskey and paper wrappers, there was some "old junk" in a corner of the building.

We are not called upon to pass upon the admissibility of the evidence regarding the whiskey found in the outhouse, such question not being presented.

Appellant, however, says that without the whiskey found in the outhouse the evidence does not show that appellant had on his premises or in his possession, a sufficient amount of whiskey to give rise to the prima facie evidence rule. (Art. 666-23(a)2, P.C.).

An issue of fact was made by the testimony as to the possession and control of the outhouse and the whiskey there found. The identical issue is not found in the language of the court's charge, but at the request of appellant and in connection with the instructions on the prima facie evidence rule, the trial court instructed the jury that the possession of one quart or less of intoxicating liquor was insufficient to give rise to a presumption that it was possessed for sale, and should not be considered as evidence of such purpose, nor as a circumstance against appellant.

Appellant requested no other charge regarding the whiskey found in the outhouse.

There being no evidence showing that appellant possessed the whiskey for the purpose of sale other than the presumption arising from the possession of more than a quart of whiskey, we are led to the conclusion that the jury found from the evidence that appellant had in his possession more than a quart of whiskey, and refused to accept as true appellant's evidence rebutting the presumption.

The whiskey found in the residence was before the jury for their inspection. We are unable to say from the record that this whiskey did not amount to a total of more than a quart.

If, in fact, there was a quart or less of this whiskey, then the jury resolved the issue as to the possession and control of the out-building and the liquor there found in favor of the state, and the evidence sustains such finding.

Under the prima facie evidence statute above referred to, which is binding on this court, we must hold that the evidence is sufficient to sustain the conviction.

The judgment is affirmed.

Opinion approved by the court.